AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

33 U.S.C. § 1908(a) – Act to Prevent Pollution from Ships;
18 U.S.C. § 1519 – Obstruction of Justice (False Document);
18 U.S.C. § 1505 – Obstruction of Justice (Agency Proceeding);
18 U.S.C. § 2 – Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Please see attached.

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
OAKLAND DIVISION

**DEFENDANT - U.S**
▶ FGL MOON MARSHALL LTD.

DISTRICT COURT NUMBER
CR 19 559 JST

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding.
  If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
  If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes  ☐ No  If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

FILED
OCT 24 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
U.S. Coast Guard Investigative Service

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO. 4-19-71619 MAG

Name and Office of Person Furnishing Information on this form  DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Katherine Lloyd-Lovett, AUSA

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☒ Initial Appearance
Defendant Address:
C/O John Giffin, 450 Pacific Avenue, San Francisco, CA 94133

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 10/29/19 at 10:30 am    Before Judge: Donna M. Ryu

Comments:

PENALTY SHEET

<u>33 U.S.C. § 1908(a)</u>

- 6 years imprisonment
- $500,000 for FGL and Unix; $250,000 for Dela Cruz
- 3 years of supervised release
- Potential forfeiture
- $100 special assessment

<u>18 U.S.C. § 1519</u>

- 20 years imprisonment
- $500,000 for FGL and Unix; $250,000 for Dela Cruz
- 3 years of supervised release
- Potential forfeiture
- $100 special assessment

<u>18 U.S.C. § 1505</u>

- 5 years imprisonment
- $500,000 for FGL and Unix; $250,000 for Dela Cruz
- 3 years of supervised release
- Potential forfeiture
- $100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

33 U.S.C. § 1908(a) – Act to Prevent Pollution from Ships;
18 U.S.C. § 1519 – Obstruction of Justice (False Document);
18 U.S.C. § 1505 – Obstruction of Justice (Agency Proceeding);
18 U.S.C. § 2 – Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Please see attached.

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
OAKLAND DIVISION

**DEFENDANT - U.S**

▶ UNIX LINE PTE, LTD.

DISTRICT COURT NUMBER
**CR 19 559 JST**

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

FILED
OCT 24 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction   ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
U.S. Coast Guard Investigative Service

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
4-19-71619 MAG

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed
DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

Name and Office of Person Furnishing Information on this form   DAVID L. ANDERSON
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Katherine Lloyd-Lovett, AUSA

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT
If Summons, complete following:
☐ Arraignment ☒ Initial Appearance
Defendant Address:
C/O John Griffin, 450 Pacific Avenue, San Francisco, CA 94133

Bail Amount: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 10/29/19 at 10:30 am   Before Judge: Donna M. Ryu

Comments:

## PENALTY SHEET

### 33 U.S.C. § 1908(a)

- 6 years imprisonment
- $500,000 for FGL and Unix; $250,000 for Dela Cruz
- 3 years of supervised release
- Potential forfeiture
- $100 special assessment

### 18 U.S.C. § 1519

- 20 years imprisonment
- $500,000 for FGL and Unix; $250,000 for Dela Cruz
- 3 years of supervised release
- Potential forfeiture
- $100 special assessment

### 18 U.S.C. § 1505

- 5 years imprisonment
- $500,000 for FGL and Unix; $250,000 for Dela Cruz
- 3 years of supervised release
- Potential forfeiture
- $100 special assessment

AO 257 (Rev. 6/78)

| | |
|---|---|
| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** | |
| BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING | Name of District Court, and/or Judge/Magistrate Location: **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION** |

**OFFENSE CHARGED**

33 U.S.C. § 1908(a) – Act to Prevent Pollution from Ships;
18 U.S.C. § 1519 – Obstruction of Justice (False Document);
18 U.S.C. § 1505 – Obstruction of Justice (Agency Proceeding);
18 U.S.C. § 2 – Aiding and Abetting

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Please see attached.

**DEFENDANT - U.S.**

▶ GILBERT FAJARDO DELA CRUZ

DISTRICT COURT NUMBER: **CR 19 559 JST**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any): **U.S. Coast Guard Investigative Service**

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
**4-19-71619 MAG**

Name and Office of Person Furnishing Information on this form: **DAVID L. ANDERSON**
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): **Katherine Lloyd-Lovett, AUSA**

**DEFENDANT**

IS *NOT* IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District) _____

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

FILED
OCT 24 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☒ Initial Appearance
Defendant Address: 88 Kearny Street, Suite No. 1850, San Francisco, CA 94108

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 10/29/19 at 10:30 am    Before Judge: Donna M. Ryu

Comments:

PENALTY SHEET

<u>33 U.S.C. § 1908(a)</u>

- 6 years imprisonment
- $500,000 for FGL and Unix; $250,000 for Dela Cruz
- 3 years of supervised release
- Potential forfeiture
- $100 special assessment

<u>18 U.S.C. § 1519</u>

- 20 years imprisonment
- $500,000 for FGL and Unix; $250,000 for Dela Cruz
- 3 years of supervised release
- Potential forfeiture
- $100 special assessment

<u>18 U.S.C. § 1505</u>

- 5 years imprisonment
- $500,000 for FGL and Unix; $250,000 for Dela Cruz
- 3 years of supervised release
- Potential forfeiture
- $100 special assessment

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: Oakland

FILED
OCT 24 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES OF AMERICA,

V.

FGL MOON MARSHALL LTD.,
UNIX LINE PTE, LTD., and
GILBERT FAJARDO DELA CRUZ,

CR 19 559 JST

DEFENDANT.

---

INDICTMENT

33 U.S.C. § 1908(a) – Act to Prevent Pollution from Ships;
18 U.S.C. § 1519 – Obstruction of Justice (False Document);
18 U.S.C. § 1505 – Obstruction of Justice (Agency Proceeding);
18 U.S.C. § 2 – Aiding and Abetting;

---

A true bill.

_____ Foreman

Filed in open court this 24th day of

_____ Clerk

DONNA M. RYU   Bail, $ Summons for each of the three defendants

10/24/19

1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
3
4                                                                    FILED
5                                                                    OCT 24 2019
                                                                     SUSAN Y. SOONG
6                                                                    CLERK, U.S. DISTRICT COURT
                                                                     NORTH DISTRICT OF CALIFORNIA
7                                                                    OAKLAND OFFICE

8                       UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                              OAKLAND DIVISION

11  UNITED STATES OF AMERICA,           )   CASE NO. CR 19 559
                                        )
12          Plaintiff,                  )   VIOLATIONS:
                                        )   33 U.S.C. § 1908(a) – Act to Prevent Pollution from
13      v.                              )   Ships;
                                        )   18 U.S.C. § 1519 – Obstruction of Justice (False
14  FGL MOON MARSHALL LTD.,             )   Document);
    UNIX LINE PTE, LTD., and            )   18 U.S.C. § 1505 – Obstruction of Justice (Agency
15  GILBERT FAJARDO DELA CRUZ,          )   Proceeding);
                                        )   18 U.S.C. § 2 – Aiding and Abetting;
16          Defendants.                 )
                                        )
17                                      )
                                        )   OAKLAND VENUE
18  _____)

19

20                              I N D I C T M E N T

21  The Grand Jury charges:

22  The following statements are true at all times relevant to this Indictment:

23                              INTRODUCTION

24  A.   THE DEFENDANTS

25       1.     Defendant FGL MOON MARSHALL LIMITED ("FGL MOON"), a Marshall Islands-

26  domiciled company with offices at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro,

27  Marshall Islands MH96960, was the owner of the *Motor Tanker ("M/T") Zao Galaxy*, a 16,408 gross-

28

INDICTMENT

ton, ocean-going oil tankship, with International Maritime Organization Number 9566150, registered under the flag of the Marshall Islands.

2. Defendant UNIX LINE PTE, LTD. ("UNIX"), a Singapore-domiciled company with offices at 5 Shenton Way, #15-01, Singapore, 068808, was the operator of a fleet of ocean-going vessels including the *M/T Zao Galaxy*.

3. Defendant GILBERT FAJARDO DELA CRUZ ("DELA CRUZ"), a citizen of the Philippines, was the First Assistant Engineer of the *M/T Zao Galaxy*. As the First Assistant Engineer, DELA CRUZ directed certain engine room operations, reported directly to the ship's Chief Engineer, supervised engine room crew members, was responsible for the operation of the vessel's Oily Water Separator ("OWS"), and made entries in and helped maintain the vessel's Oil Record Book ("ORB").

B. THE VESSEL

4. The *M/T Zao Galaxy* was engaged in international commercial cargo transportation, including within the Northern District of California, and elsewhere. The vessel crew consisted of, among others, a Master, a Chief Engineer, a First Assistant Engineer (DELA CRUZ), a Second Assistant Engineer, a Third Assistant Engineer, several lower-level crewmembers known as "Oilers," and an Engineering Cadet. The "Oilers" were referenced variously, for example, as "Oiler A," "Oiler B," "Oiler 1," and "Oiler 2."

5. Defendant DELA CRUZ and the Master, as well as the crew that served onboard the *M/T Zao Galaxy*, acted as employees and agents, within the scope of their employment and agency, on behalf of, and for the intended benefit of, at least in part, Defendants FGL MOON and UNIX.

LEGAL FRAMEWORK

6. The United States is part of an international regime that regulates marine pollution, including the discharge of oil from vessels at sea, known as the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 ("MARPOL"). MARPOL was enacted into United States law by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901, *et seq.* The regulations promulgated under APPS apply, in part, to all commercial vessels over 150 gross tons that carry oil in bulk as cargo while operating in United States waters, or while at a port or

INDICTMENT                                           2

terminal under the jurisdiction of the United States, including vessels operating under the authority of a country other than the United States. 33 C.F.R. § 151.09(a)(5).

7. The regulations define "oil" as "petroleum whether in solid, semi-solid, emulsified, or liquid form, including but not limited to, crude oil, fuel oil, sludge, oil refuse, oil residue, and refined products, and, without limiting the generality of the foregoing, includes the substances listed in Appendix I of Annex I of MARPOL." 33 C.F.R. § 151.05. "Oil residue (sludge)" is defined in the regulations as "the residual waste oil products generated during the normal operation of a ship such as those resulting from the purification of fuel or lubricating oil for main or auxiliary machinery, separated waste oil from oil filtering equipment, waste oil collected in drip trays, and waste hydraulic and lubricating oils." *Id.* Oil residue is routinely generated on large commercial vessels, such as the *M/T Zao Galaxy*, through normal operation of the vessels' engines and other machinery.

8. During the course of normal operations, large oil tanker vessels also routinely generate "oily bilge water," which is defined as water which may be contaminated by oil resulting from conditions and operations such as leakage and maintenance work in machinery spaces. 33 C.F.R. § 151.05. Any liquid entering the bilge system including bilge wells, bilge piping, tank top or bilge holding tanks is considered "oily bilge water." 33 C.F.R. § 151.05. This "oily bilge water," which is sometimes referred to as "machinery space bilge water," is collected, stored, and processed to separate water from the oil and other wastes using a pollution prevention control device known as an OWS, and an oil-sensing device known as an Oil Content Meter ("OCM"). Oily bilge water may be discharged overboard but only after passing through an OWS that limits the discharged effluent to 15 parts per million ("ppm") of oil or less, as measured by the OCM. If the OCM detects an oil content of greater than 15 ppm in the effluent, it sounds an alarm, shuts down the pumps, and/or diverts flow back to the bilges or a bilge tank in order to prevent the discharge into the sea of oil in an amount greater than 15 ppm.

9. MARPOL requires that for any oil tanker of 150 gross tons or more, any discharge overboard or disposal otherwise of bilge water that has accumulated in machinery spaces be recorded in an ORB, on a tank to tank basis as appropriate. 33 C.F.R. § 151.25(d)(4). Any failure of the oil filtering equipment, such as the OWS, must be recorded in the ORB along with the reason(s) for the failure. 33

INDICTMENT                                3

C.F.R. § 151.25(d)(6). In addition, in the event of any emergency, accidental, or other exceptional discharge of oil or oily mixture, a statement shall be made in the ORB of the circumstances of, and the reasons for, the discharge. 33 C.F.R. § 151.25(g). Each discharge must be fully recorded without delay so that all entries in the ORB appropriate to the operation are completed. 33 C.F.R. § 151.25(h). Each completed operation shall be signed by the person or persons in charge of the operation, and each completed page signed by the Master or other person having charge of the ship. 33 C.F.R. § 151.25(h). The Master or other person having charge of a ship required to keep an ORB shall be responsible for the maintenance of such a record. 33 C.F.R. § 151.25(h).

10. It is unlawful to act in violation of MARPOL, APPS, or implementing regulations. 33 U.S.C. § 1907(a). Any person who knowingly violates MARPOL, APPS or implementing regulations commits a Class D felony. 33 U.S.C. § 1908(a).

11. The United States Coast Guard ("USCG"), an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 522(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law, including MARPOL and APPS. In conducting inspections, commonly known as Port State Control examinations, USCG personnel rely on the statements of the vessel's crew and documents, including information contained in the ORB. The USCG is specifically authorized to examine a vessel's ORB to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate operating procedures; whether it poses any danger to United States' ports and waters; and whether the vessel has discharged any oil or oily mixture in violation of MARPOL, APPS, or any applicable federal regulations. 33 U.S.C. § 1907(c); 33 C.F.R. § 151.23(a)(3) and (c).

12. Oil Tanker vessels such as the *M/T Zao Galaxy* must have a document known as a "Certificate of Compliance" onboard in order to engage in commercial commerce in the United States. 46 U.S.C. § 3711. The Certificate of Compliance is issued to the vessel upon successful completion of a Certificate of Compliance inspection, which includes observation and inspection of the engine room, pollution prevention equipment, and operation of the pollution prevention equipment. The purpose of

the Certificate of Compliance is to ensure that the vessel is compliant with United States pollution prevention regulations.

COUNT ONE:   (33 U.S.C. § 1908(a) – Act to Prevent Pollution from Ships; 18 U.S.C. § 2 – Aiding and Abetting)

13. Paragraphs 1 through 12 of this Indictment are specifically incorporated and re-alleged herein.

14. On or about February 11, 2019, within the Northern District of California, and elsewhere, Defendants,

FGL MOON MARSHALL LTD. and
UNIX LINE PTE, LTD.,

acting through their agents and employees who were acting within the scope of their agency and employment and at least in part for the intended benefit of FGL MOON and UNIX, and the Defendant,

GILBERT FAJARDO DELA CRUZ,

did knowingly fail and cause the failure to maintain an accurate Oil Record Book for the *M/T Zao Galaxy*, that properly recorded: (a) discharges overboard of oily bilge water without the use of properly functioning oil filtering equipment; and (b) all discharges overboard of oil residue (sludge). Specifically, the Defendants failed to record and caused the failure to record that discharges of oily bilge water and oil residue (sludge) had been made without using a properly functioning Oil Water Separator, in violation of Title 33, Code of Federal Regulations, Section 151.25; Title 33, United States Code, Section 1908(a); and Title 18, United States Code, Section 2.

COUNT TWO:   (18 U.S.C. § 1519 – Obstruction of Justice; 18 U.S.C. § 2 – Aiding and Abetting)

15. Paragraphs 1 through 12 of this Indictment are specifically incorporated and re-alleged herein.

16. During the period of in or about January 21, 2019, through on or about February 11, 2019, within the Northern District of California, and elsewhere, defendants,

FGL MOON MARSHALL LTD. and
UNIX LINE PTE, LTD.,

INDICTMENT                                    5

acting through their agents and employees who were acting within the scope of their agency and employment and at least in part for the intended benefit of FGL MOON and UNIX, and defendant,

GILBERT FAJARDO DELA CRUZ,

with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely, the U.S. Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, namely, an inspection of the *M/T Zao Galaxy* to determine the vessel's compliance with U.S. law, did knowingly conceal, cover up, and falsify, and make false entries in a record and document, and cause the concealment, cover up, and falsification of a record and document. Specifically, defendants failed to document, and caused the failure to document in the Oil Record Book for the *M/T Zao Galaxy*, the direct overboard discharge of oily bilge water and oil residue (sludge) and without the use of properly functioning oil filtering equipment, in violation of Title 18, United States Code, Sections 1519 and 2.

<u>COUNT THREE</u>:   (18 U.S.C. § 1505 – Obstruction of Justice; 18 U.S.C. § 2 -- Aiding and Abetting)

17.   Paragraphs 1 through 12 of this Indictment are specifically incorporated and re-alleged herein.

18.   On or about February 11, 2019, within the Northern District of California, and elsewhere, defendants,

FGL MOON MARSHALL LTD. and
UNIX LINE PTE, LTD.,

acting through their agents and employees who were acting within the scope of their agency and employment and at least in part for the intended benefit of FGL MOON and UNIX, and defendant,

GILBERT FAJARDO DELA CRUZ,

did corruptly influence, obstruct, and impede, and cause to corruptly influence, obstruct, and impede the due and proper administration of the law under a pending proceeding by the U.S. Coast Guard, an agency within the Department of Homeland Security. Specifically, on or about February 11, 2019, during a U.S. Coast Guard inspection of the *M/T Zao Galaxy* to determine the vessel's compliance with MARPOL and U.S. law, the Defendants (1) presented, and caused to be presented, a knowingly false Oil

Record Book during a Certificate of Compliance inspection; and (2) persuaded and attempted to persuade a lower-level crewmember to withhold relevant information from the U.S. Coast Guard all in violation of Title 18, United States Code, Sections 1505 and 2.

DATED: 10/24/19

A TRUE BILL.

FOREPERSON
Oakland

DAVID L. ANDERSON
United States Attorney

KATHERINE M. LLOYD-LOVETT
Assistant United States Attorney
ANDREW J. BRIGGS
Special Assistant United States Attorney
United States Attorney's Office
Northern District of California

KENNETH E. NELSON
Senior Trial Attorney
Environment & Natural Resources Division
Environmental Crimes Section