BRIAN H GETZ (CBSN: 85593)
LAW OFFICES OF BRIAN H GETZ
88 Kearny Street, Suite 1850
San Francisco, CA 94108
Telephone:      (415) 912-5886
Facsimile:       (415) 438-2655
Email:             bhgetz@pacbell.net

Attorney for Defendant
GILBERT DELA CRUZ

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>FGL MOON MARSHALL, LTD.; UNIX LINE PTE, LTD.; and GILBERT DELA CRUZ<br><br>Defendants. | Case No.: 4:19-CR-00559-JST<br><br>**DEFENDANT GILBERT DELA CRUZ'S OPPOSITION TO GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE**<br><br>Trial Date:            March 16, 2020<br>Pretrial Conf. Date:   March 5, 2020<br>Courtroom:            Courtroom 6 – 2nd Floor<br>Judge:                Hon. Jon S. Tigar |

**INTRODUCTION**

Defendant Gilbert Fajardo Dela Cruz (hereafter, Mr. Dela Cruz) respectfully moves this Court to deny each motion in limine the government has requested. *See* Docket 36. Specifically, the government has requested this Court grant six motions in limine: (1) To issue a preliminary ruling on the admissibility of specific portions of the video depositions of unavailable M/T Zao Galaxy Captain Sonny Macasaet and crewmember Melvin Santander; (2) to preclude the defendants from improperly inviting jury nullification; (3) to permit the government to elicit Mr. Dela Cruz's out-of-court statements but preclude the defense from doing so; (4) to preclude the defendants from introducing the contents of interview summaries to impeach witnesses during cross-examination;

(5) to preclude the defendants from using evidence that the defendants were obliged to produce before trial; and (6) to rule pretrial on the admissibility of business records authenticated by a certification satisfying Federal Rule of Evidence 902(11).

## ARGUMENT

### 1. Admissibility of portions of the video depositions of unavailable witness M/T Zao Galaxy crewmembers Sonny Macasaet and Melvin Santander

In its first motion in limine, the government seeks preliminary rulings on the admissibility of certain "portions" of the video depositions of Captain Sonny Macasaet and crewmember Melvin Santander in the event these witnesses are unavailable for trial as defined under Federal Rule of Evidence 804. *See* Docket 36 at 3-4. Specifically, the government presents two charts, one per unavailable deposed witness, identifying the specific deposition "Location" (page and line), "Objection/Explanation for Exclusion" (argument), and "Government's Requested Ruling" (desired outcome), with respect to certain objections. *See id.* at 4-7.

At the outset, Mr. Dela Cruz *does not* contest the government's requested preliminary evidentiary rulings with respect to the *vast majority* of its requests should these witnesses be deemed unavailable under Federal Rule of Evidence 804. As such, Mr. Dela Cruz will only contest certain specific "portions" of the video depositions, broken down by each potential unavailable witness deposition, as follows:

    A.    <u>Deposition Testimony of Unavailable Witness Sonny Macasaet</u>

    1.    Page 87, lines 22-24 (Docket 36, page 5, lines 1-4)

          Contrary to the government's assertions, the form of the question was leading, and, therefore, the objection is well taken and should stand. It is not moot. To the extent the witness gave a more "fulsome" statement lines later only buttresses the objection.

    2.    Page 90, lines 17-25 (Docket 36, page 5, lines 5-9)

          Again, contrary to the government's assertions, the form of the question was leading, and, therefore, the objection is well taken and should stand. It is not moot. To the extent

the witness gave a more "fulsome" statement lines later only buttresses the objection. Further, it called for speculation.

3. Page 117, lines 20-25; Page 118, lines 1-25 (Docket 36, page 5, lines 11-12)

Contrary to the government's interpretation and contention, the testimony is relevant to the history of the case and thus admissible and should be admitted. *See* Federal Rule of Evidence 401.

B. <u>Deposition Testimony of Unavailable Witness Melvin Santander</u>

1. Page 18, lines 19-24 (Docket 36, page 5, lines 23-24)

The objection is well taken. Contrary to the government's contention, the government did not properly designate this witness as adverse pursuant to the requirements of Federal Rule of Evidence 611(c)(2). The witness answered candidly; simply because the government did not like the witness's answer and labels a witness "direct" does not automatically result in his designation as an "adverse" witness under the Rule.

2. Page 48, lines 3-25; Page 49, lines 1-25; Page 50, lines 1-22 (Docket 36, page 5, lines 25-26)

Contrary to the government's interpretation and contention, the testimony is relevant to the history of the case and thus admissible and should be admitted. *See* Federal Rule of Evidence 401.

3. Page 130, lines 18-25; Page 131, lines 1-7 (Docket 36, page 7, lines 6-9)

Contrary to the government's contention, the objection is not well taken. The testimony is not speculative and is relevant as to motive and bias, and thus admissible and should remain admitted. *See* Federal Rules of Evidence 608, 404, 401.

**2. The defense will undertake its best efforts to avoid the invitation of jury nullification**

The government moves for "an order precluding the defendants from making impermissible arguments aimed at jury nullification". Docket 36 at 7. More specifically, in addition to the

- 3 -

DEFENDANT GILBERT DELA CRUZ'S OPPOSITION TO
THE GOVERNMENT'S CONSILDATED MOTIONS IN LIMINE
CASE NO.: 4:19-CR-00559-JST

generalized concept of "jury nullification," the government points to three additional specific areas of potential "nullification": First, reference to potential punishment; second, claims that the charged conduct is pervasive in the shipping industry; third, references to selective prosecution. Each such request is addressed below.

    A.   <u>The defense will not improperly "invite" jury nullification</u>

The defense has no intention to argue or "invite" jury nullification. *Id.*

    B.   <u>The defense will not improperly "reference" the defendant's potential punishment</u>

The defense has no intention to "reference" Mr. Dela Cruz's potential punishment. *Id.* Of course, should any testifying witness "open the door" on his or her potential punishment, the defense will be free to elicit testimony in response.

    C.   <u>The defense will not improperly claim that the "charged conduct" is "pervasive" in the shipping industry</u>

The defense does not intend to reference that the "charged conduct" is "pervasive" in the shipping industry. *Id.* at 7-8. The defense intends to show that Mr. Dela Cruz did not commit the acts for which he has been charged. Of course, should any question or witness "open the door" on such "pervasive" shipping industry practice, the defense will be free to elicit testimony in response.

    D.   <u>The defense will not reference selective prosecution</u>

The defense has no intention of "suggest[ing]" or "argu[ing]" the selective prosecution of Mr. Dela Cruz as the only charged crew member. *Id.* at 9. Of course, should any question or witness "open the door" on such selective prosecution, the defense will be free to elicit testimony in response.

**3.   The Court should not permit the government to elicit Mr. Dela Cruz's out-of-court statements, but the defense should be permitted to do so**

The government's Third Motion in limine is premature and the unidentified out of court statements to which the government vaguely refers are speculative and imprecise. *See id.* at 9-11. Supposed "statements" by Mr. Dela Cruz, offered through unidentified "witnesses", that he

allegedly instructed them to undertake certain actions, once specifically identified, will be fully developed at trial, individually, whether on cross-examination or, potentially, on direct examination, and a ruling pertaining to whether any such evidence should be admitted or prohibited at that time. While such out of court statements allegedly made by Mr. Dela Cruz *may* be admissions of a party opponent and therefore not hearsay, they may very well be hearsay.

Similarly, Mr. Dela Cruz's alleged unidentified out of court statements demonstrating his "state of mind" will be fully developed at trial, whether on cross-examination or, potentially, on direct examination, and a ruling pertaining to whether any such evidence should be admitted or prohibited at that time.

Lastly, it is premature to rule on the admissibility of unidentified government witness statements allegedly made by Mr. Dela Cruz under the "rule of completeness". Again, such objections stand or fall subject to how questions and testimony are elicited at trial.

**4.      The defense does not intend to publish or introduce as direct evidence Coast Guard interview summaries to impeach witnesses during cross-examination**

The government flags the potential improper use by the defense of certain unspecified Coast Guard interview summaries. *See id.* at 13-14. The defense has no intention of introducing into evidence such interview summaries, to publish them directly to the jury, or to directly impeach witnesses through their direct use. As the government itself readily admits: "The defense is, of course, free to ask a witness whether he or she made a statement in the past that is reflected in the interview summary." *Id.* at 14. The fact that the subject witness of such an interview summary gave an interview is similarly not in question. And, lastly, the defense will, as the government notes, "us[e] those interview summaries consistent with the law and the rules of evidence." *Id.*

//
//
//
//

5. **The defense reserves its right to present any and all admissible evidence, up to and during trial, and will comply with all Federal Rules of Criminal Procedure, including Fed. R. Crim. P. 16(b), obligations**

This case has been voluminous. Thousands of documents and five CD discs worth of information have been provided by the government to the defense. Information and discovery are being provided by the government on a rolling and ongoing basis. The defense has been and will continue to comply with its Federal Rules of Criminal Procedure pretrial discovery and expert witness obligations and will disclose in a timely manner any such required information. The defense reserves its right to present any and all relevant and admissible evidence to the fullest extent permissible based upon developments at trial.

6. **The government's request to rule pretrial on the admissibility of certain business records authenticated by a certification satisfying Federal Rule of Evidence 902(11) is now moot based on stipulation of the parties**

The defense and the government have agreed upon a stipulation regarding the admissibility under Federal Rule of Evidence 902(11) concerning the self-authentication provisions of that rule, thus rendering this request moot.

## CONCLUSION

For the above reasons, Mr. Dela Cruz respectfully requests the Court deny each of the Government's Motions in Limine.

DATED: February 21, 2020                                       Respectfully submitted,

                                                               /s/ Brian H Getz
                                                               BRIAN H GETZ
                                                               Attorney for Defendant
                                                               GILBERT DELA CRUZ